# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MARK A. ROBINSON, :

      Plaintiff, :

                            CIVIL ACTION NO. 3:10-0272

   v. :

                            (MUNLEY, D.J.)

FRANKLIN TENNIS, *et al.*, : (MANNION, M.J.)

      Defendants. :

## REPORT AND RECOMMENDATION[1]

Pending before the court are two separate motions to dismiss. The first motion is on behalf of defendant Julie Pensiero. (Doc. No. 27). The second motion is on behalf of defendants Kevin Burke and Abdollah Nabavi[2]. (Doc. No. 36). For the reasons set forth below, the court recommends that the defendants' motions be **GRANTED.**

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff Mark Robinson is presently confined at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania ("SCI-Rockview"). He

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Plaintiff has incorrectly identified him as Naphia.

brings this action against dozens of employees at SCI-Rockview who have allegedly denied him medical treatment, used excessive force, filed false misconducts, and retaliated against him due to a lawsuit he filed in May 2008.

Plaintiff brings various claims against the medical staff at SCI-Rockview. With respect to defendant Nurse Pensiero, plaintiff alleges that she:

> repeatedly denied plaintiff proper medical treatment because all plaintiff wanted to do is sue SCI-Rockview. Refused to completely examine plaintiff, take or recommend that pictures be taken of plaintiff's injuries. Refused to examine plaintiff for consideration for handcuff in the front, as opposed to the back in order to lessen the pain in plaintiff's arms and shoulders.

(Doc. No. 1 at ¶18).

With respect to defendant Burke, a psychiatrist at SCI-Rockview, plaintiff alleges that he "continually told Plaintiff that 'he felt like Plaintiff belonged in a cell with a window, but that he has no control over housing assignments.'" (Doc. No. 1 at ¶10). Plaintiff also alleges that Dr. Burke told him that "he knows that Deputy Marsh has/is retaliating against Plaintiff" and that "Deputy Marsh has taken personal Plaintiff's having filed a lawsuit against Rockview." *Id.* Despite having this knowledge, Dr. Burke allegedly "failed to take action to prevent the behavior." *Id.*

With respect to defendant Dr. Nabavi, plaintiff alleges that along with defendant Dr. Goss and defendant Dr. Parson, defendant Dr. Nabavi tried to

"convince Plaintiff not to sue and to drop his present legal action." (Doc. No. 1 at ¶12). Plaintiff also alleges that Dr. Nabavi assisted in the December 7, 2009 "premature" and "illegal" discharge of plaintiff from a Psychiatric Observation Cell. *Id.* at ¶¶ 9, 12.

On February 5, 2010, the plaintiff commenced this action by filing a complaint.³ (Doc. No. 1). On June 25, 2010, defendant Pensiero filed a motion to dismiss. (Doc. No. 27). This motion is fully briefed. (Doc. No. 28), (Doc. No. 34-2). On July 15, 2010, defendants Burke and Nabavi filed a motion to dismiss. This motion is also fully briefed. (Doc. No. 37); (Doc. No. 68-1). Thus, these motions are ripe for our review.

## II. STANDARD OF REVIEW

The defendants' motions to dismiss are brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which

---

³ In addition, the plaintiff subsequently filed exhibits. (Doc. No. 10). It appears that plaintiff intended that these exhibits be attached to his complaint. Furthermore, the parties appear to have construed these exhibits as having been attached to the complaint. Accordingly, in light of plaintiff's *pro se* status, despite his ambiguity in submitting these exhibits to the court, the court will construe these exhibits as having been attached to his complaint.

3

relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v.*

4

*McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. LEGAL ANALYSIS

Defendants have raised various arguments as to why plaintiff's claims should be dismissed. The court will consider these arguments below.

### A. Official Capacity Claims

Plaintiff has brought claims against defendants in both their official and individual capacities. To the extent plaintiff is suing them in their official capacities, plaintiff's claims for monetary damages must be dismissed.

5

Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985); *Edelman v. Jordan*, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." *Laskaris*, 661 F.2d at 25 (citing PA. CONS. STAT. ANN. §8521(b)). Section 1983 does not "abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Galvani v. Pennsylvania*, No. 08-0393, 2008 U.S. Dist. LEXIS 89150, at *16 (M.D. Pa. Nov. 4, 2008).

Furthermore, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983.

6

"[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Consequently, to the extent plaintiff brings claims against the defendants in their official capacities for monetary damages, the court recommends that the complaint be dismissed. *See Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (Eleventh Amendment bars suits for monetary damages by private parties in federal court against a state, state agencies, or state officials in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury)(citations omitted).

**B.     Eighth Amendment Claims**[4]

In order to establish an Eighth Amendment claim based upon allegations of denial of proper medical care, an inmate must demonstrate a deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429

---

[4] The court notes that to the extent plaintiff has expanded upon his allegations or attempted to set forth additional claims in his briefs in opposition, the court is unable to consider this newly added information. *See Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). To be clear, the court is only considering the claims and factual support for the claims as set forth in plaintiff's complaint, (Doc. No. 1) and attached exhibits, (Doc. No. 10).

7

U.S. 97 (1976). This standard requires both deliberate indifference on the part of the prison officials and a serious medical need on the part of the prisoner. *See* *West v. Keve*, 571 F.2d 158 (3d Cir. 1978).

A deliberate action is one which is intentional, requiring the actor to have knowledge of the events attributed to the injury and the ability to control the outcome. "To establish a constitutional violation, the indifference must be deliberate and the actions intentional." *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). A mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives, does not support an Eighth Amendment claim. *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). *See* *McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976). A medical need is "serious" where it has been diagnosed by a physician as mandating treatment, or if it is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (U.S. Mass. June 3, 1991) (No. 90-7632)(citing *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987)). Furthermore, "if unnecessary and wanton

infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." *Young v. Kazmerski*, 266 Fed. Appx. 191, 193 (3d Cir. 2008) (quoting *Monmouth County Correctional Institutional Inmates*, 834 F.2d at 347)).

Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, the federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. *See Ellison v. Scheipe*, 570 F.Supp. 1361, 1363 (E.D. Pa. 1983); *Inmates of Allegheny Jail v. Pierce*, 612 F.2d 754,762 (3d Cir. 1979); *See also Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired. *Farmer*, 685 F. Supp. at 1339.

       1.   *Defendant Pensiero*

Plaintiff takes issue with defendant Pensiero because she (1) refused to take or recommend that pictures be taken of his injuries, and (2) refused to examine him in order to determine if he would qualify for being handcuffed in the front instead of the back.

Pictures of Injuries

Although the plaintiff may have desired to have x-rays or pictures taken of his alleged injuries, defendant Pensiero's decision not to do so does not amount to an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 96, 107 (1976) ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Consequently, the court recommends that plaintiff's Eighth Amendment claim against defendant Pensiero, for her decision not to have pictures taken of his injuries, be dismissed. Specifically, the court recommends that this claim be dismissed with prejudice as allowance to amend would be futile. *See, e.g., Brinkley v. Smeal*, No. 10-0224, 2010 U.S. Dist. LEXIS 135456, at *14 (M.D. Pa. Dec. 22, 2010) (because Brinkley's complaint fails to state a constitutional claim, it would be futile to allow him to amend his complaint).

Handcuffing Claim

Plaintiff also claims that defendant Pensiero refused to examine him in order to determine whether he should be handcuffed in the front, as opposed to behind his back, in order to lessen the pain he was experiencing in his arms and shoulders. In addition, plaintiff alleges that defendant Pensiero repeatedly denied him proper medical treatment because all he wanted to do

10

is sue SCI-Rockview.

Defendant Pensiero argues that plaintiff's arm and shoulder pain does not amount to a serious medical need and, therefore, plaintiff's Eighth Amendment claim against her should be dismissed. The court agrees. The Third Circuit has explained that in order for a medical need to be considered "serious" under the Eight Amendment, an inmate's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. *See Tsakonas v. Cicchi*, 308 Fed. Appx. 628, 632 (3d Cir. 2009). Here, the plaintiff's allegations in his complaint, and attached exhibits, indicate that his arms and shoulders were sore and swollen. Specifically, it appears that this pain was exacerbated when he was handcuffed with his hands behind his back. Although plaintiff's arm and shoulder injuries may have been painful, the court cannot find that this condition amounts to a serious medical condition under the Eighth Amendment. *See Whitehead v. Rozum*, No. 09-0220, 2010 U.S. Dist. LEXIS 102800, at *13 (W.D. Pa. Aug. 31, 2010) (Plaintiff's allegation that his wrists were "swollen" and bruised does not state a facially plausible claim that he was suffering from a serious medical condition, and his claim against Defendant Kline should be dismissed.).

Moreover, plaintiff's exhibits indicate that he did receive treatment for the pain in his shoulder and his arms. (Doc. No. 10 at 15, 80). Specifically, he received Tylenol to alleviate any pain he was experiencing. *Id.* Furthermore, it appears that defendant Pensiero did examine plaintiff, but that she found he was uncooperative during the examination of his arms. (Doc. No. 10 at 15).

Because the plaintiff's complaint and attached exhibits indicate that he did receive treatment for his arm and shoulder injury, and because his injuries do not amount to a serious medical condition, the court recommends that plaintiff's Eighth Amendment claim against defendant Pensiero be dismissed. Specifically, the court recommends that this claim be dismissed with prejudice as allowance to amend would be futile. *See*, *e.g.*, *Brinkley v. Smeal*, No. 10-0224, 2010 U.S. Dist. LEXIS 135456, at *14 (M.D. Pa. Dec. 22, 2010) (because plaintiff's complaint fails to state a constitutional claim, it would be futile to allow him to amend his complaint).[5]

    2.   *Defendant Burke*

Plaintiff brings Eighth Amendment claims against defendant Burke for (1) failing to place him in a cell with a window, and (2) failing to stop defendant

---

[5] Because the court has recommended dismissing plaintiff's Eighth Amendment claims against defendant Pensiero, the court need not address defendant Pensiero's remaining alternative arguments.

12

Marsh's retaliatory conduct.

### Denial of a Cell with a Window

The plaintiff's complaint indicates that he suffers from anxiety and depression. Plaintiff contends that although his anxiety and depression is well controlled with medication, he does not want to take medication. Instead, he believes that having a cell with a window would eradicate the need for him to take medicine. For example, in one of plaintiff's inmate requests he stated:

> . . . When I am inside of a cell which does not contain a window inside of it or a clear view of a window, it triggers my anxiety attacks severely. Here on D/AC, the window is too far from my cell; it's too dirty to see out clearly, there are a number of gates which obstruct my view to the window, and there is no movement outside which makes the view sterile and without proper psychological stimulation. In addition, once night falls, the window is completely black, which does not allow me to see anything at all out of the window. At night, while sleeping is usually when my anxiety attacks occur, snatching me out of my sleep. A cell with a window inside helps me to control the attacks, plus I do not have to take the anxiety medication with a window inside my cell; Discontinuing my medication is something I really want to do.

(Doc. No. 10 at 46). Thus, plaintiff appears to take issue with defendant Burke not moving him to a cell with a window.

Defendant Burke argues that to the extent plaintiff is asserting an Eighth Amendment claim against him, any such claim should be dismissed. The court agrees. From May through December 2009, defendant Burke treated

13

plaintiff for his anxiety and depression, but plaintiff simply disagreed with defendant Burke's course of treatment. Specifically, defendant Burke has prescribed the plaintiff medication, but the plaintiff does not wish to take these medications. In addition, the plaintiff's exhibits indicate that plaintiff has had several appointments with defendant Burke, and that defendant Burke has repeatedly offered to help the plaintiff work through his anxiety. However, the plaintiff continues to disagree with defendant Burke's treatment methods and insists that a cell with a window will alleviate his anxiety and depression. Unfortunately for the plaintiff, his disagreement with defendant Burke's course of treatment does not amount to a violation of the Eighth Amendment. *See Farmer*, 685 F. Supp. at 1339 (The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired.).

Furthermore, the law is clear that an inmate does not have a right to be placed in the cell of his choice. *Sheehan v. Beyer*, 51 F.3d 1170, 1174 (3d Cir. 1995). Thus, plaintiff clearly does not have a constitutional right to be placed in a cell with a window.

Consequently, the court recommends that plaintiff's claims against defendant Burke, with respect to not being placed in a cell with a window, be

14

dismissed. As this claim does not set forth a constitutional violation, allowance to amend would be futile. Therefore, dismissal of this claim should be with prejudice. *See*, *e.g.*, *Brinkley*, 2010 U.S. Dist. LEXIS 135456, at *14.

### Failure to Stop Retaliation

Plaintiff also alleges that defendant Burke was aware that defendant Marsh was retaliating against him, but that defendant Burke failed to stop defendant Marsh's behavior. Defendant Burke argues that this claim should be dismissed. The court agrees.

The court finds that the plaintiff has failed to plead sufficient factual support for this claim. The plaintiff does not indicate what knowledge defendant Burke had about the alleged retaliation, how he learned about the retaliation, and what retaliatory conduct defendant Burke could have prevented. Therefore, plaintiff's conclusory statements and bare bone allegations are insufficient to withstand a motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (conclusory or "bare-bones" allegations are not sufficient to survive a motion to dismiss). *See also Purveegiin v. Gonzales*, Civ. A. No. 3:07-1020, 2007 WL 4081393, at *3 (M.D. Pa. Nov. 15, 2007) (Vanaskie, J.) (complaint in Section 1983 action subject to dismissal for failure to make specific allegations of time and place).

15

Because the court cannot determine at this time whether amendment would be futile, it will recommend dismissal of this Eighth Amendment claim without prejudice so that the plaintiff may, if he can do so responsibly, amend his pleading and cure its deficiencies. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir.2007) ("[I]n civil rights cases district courts must offer amendment-irrespective of whether it is requested-when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

        3.    *Defendant Nabavi*

Plaintiff takes issue with defendant Nabavi for prematurely releasing him from a psychiatric observation cell on December 7, 2009. Defendant Nabavi argues that his decision to discharge plaintiff from the Psychiatric Observation Cell does not amount to a violation of plaintiff's Eighth Amendment rights. The court agrees.

Defendant Nabavi's decision to discharge plaintiff from the Psychiatric Observation Cell was based on his medical or professional judgment. To the extent plaintiff disagrees with defendant Nabavi's medical judgment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. *See Scheipe*, 570 F.

Supp. at 1363; *Inmates of Allegheny Jail*, 612 F.2d at 762. Thus, the key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired. *Farmer*, 685 F. Supp. at 1339. Here, the plaintiff clearly received psychiatric treatment as he alleged he was treated by various doctors, including defendant Nabavi, while placed in the Psychiatric Observation Cell. Because plaintiff's claim against defendant Nabavi appears to amount to a disagreement about the adequacy of the treatment he received, the court recommends that this claim be dismissed. *See id.*

As a final matter, the court notes that plaintiff has made some vague allegations concerning defendant Nabavi encouraging him to stop filing lawsuits. At best, these allegations appear to amount to verbal abuse, threats or harassment. Although distasteful if true, such conduct does not amount to a violation of plaintiff's constitutional rights. *Lindsey v. O'Connor*, 327 Fed. Appx. 319, 320-21 (3d Cir. 2009). Therefore, plaintiff's claims against defendant Nabavi for alleged threats or verbal harassment should be dismissed.

Consequently, the court recommends that all of plaintiff's claims against defendant Nabavi be dismissed. Specifically, the court recommends that

17

plaintiff's claims be dismissed with prejudice as the plaintiff has failed to set forth a constitutional violation, and allowance to amend these claims would be futile. *See, e.g.,* [Fletcher-Harlee Corp., 482 F.3d at 251](#).

## IV. RECOMMENDATION[6]/[7]

For the reasons elaborated above, **IT IS RECOMMENDED THAT**:

**(1)** Defendant Pensiero's motion to dismiss, (Doc. No. [27](#)), be **GRANTED**,

**(2)** Defendants Burke and Nabavi's motion to dismiss, (Doc. No. [36](#)), be **GRANTED**, and

**(3)** plaintiff be permitted to file an amended complaint with respect to

---

[6] The court notes that defendants Burke and Nabavi raise arguments as to why plaintiff's Fourteenth Amendment due process claims should be dismissed. The court does not find that plaintiff has raised Fourteenth Amendment claims against these defendants. Even if plaintiff had intended to bring claims under the Fourteenth Amendment, the court would recommend that any such claim be dismissed. *See* [Betts v. New Castle Youth Development Center, 621 F.3d 249, 261 (3d Cir. 2010)](#) ("Because these allegations fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment, we hold that the more-specific-provision rule forecloses Betts's substantive due process claims.").

[7] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

his claim dismissed without prejudice as indicated above.

                                            s/ *Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States Magistrate Judge**

**DATE:** March 4, 2011

O:\shared\REPORTS\2010 Reports\10-0272-01.wpd