IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK A. ROBINSON, | : | No. 3:10cv272 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Mannion) |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al., | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court are defendants' objections to the report and recommendation of Magistrate Judge Malachy E. Mannion, which proposes that portions of plaintiff's complaint be dismissed with leave to re-file an amended complaint with respect to certain claims.

**Background**

This case arises out of disputes between the plaintiff, a prisoner at the Pennsylvania State Correctional Institution in Rockview, Pennsylvania ("SCI-Rockview") and officials and staff at that prison. (Complaint (Doc. 1) (hereinafter "Complt.") at 1). Plaintiff alleges that in May 2008 he filed a civil complaint in this court regarding his treatment in prison. (Id.; see Case No. 3:08cv0924). Soon after, plaintiff was transferred to another institution, SCI-Graterford. (Id.). In March 2009, plaintiff returned to SCI-Rockview. Plaintiff contends that as soon as he returned to Rockview prison officials retaliated against him for this complaint by placing him in

the restricted housing unit ("RHU"). (Id.). According to plaintiff, the SCI-Rockview Superintendent, Deputy Superintendents, medical staff, and other prison officials conspired to retaliate against him by denying medical treatment, using excessive force and filing false misconduct reports. (Id. at 2).

Plaintiff raised specific allegations against the three defendants whose motions are the subject of this opinion. He alleges that Defendant Kevin Burke, a prison psychiatrist, told him that he agreed that plaintiff deserved a cell with a window. (Id. at 10, ¶ 10). Burke also admitted to plaintiff that Deputy Superintendent Robert Marsh was retaliating against him. (Id.). Marsh had taken plaintiff's lawsuit personally. (Id.). Though aware of Marsh's misconduct, Burke failed to take action to prevent that behavior. (Id.). Defendant Abdollah Nabavi, a prison psychologist, allegedly attempted to convince plaintiff not to file the instant lawsuit and to drop his earlier action. (Id. at 10, ¶ 12). Nabadi also allegedly assisted in having plaintiff released from medical care and to security prematurely, which resulted in abuse. (Id.). Finally, plaintiff alleges that Defendant Julie Pengiero, a physician's assistant, denied him medical treatment because she felt he wanted to sue the prison. (Id. at 11, ¶ 18). She did not completely examine the plaintiff or order that pictures be taken of his injuries, and did not consider whether he should be handcuffed in front to limit pain in his arms and shoulders. (Id.).

Plaintiff filed a complaint and motion to proceed *in foma pauperis* on February 5, 2010. (Docs. 1, 3). Judge Mannion granted the motion for leave to proceed *in*

2

*forma pauperis* on April 14, 2010. (Doc. 14). The court then issued summons for the defendants. Most of the defendants answered the complaint (Doc. 53), but Defendants Pensiero, Burke and Nabavi filed motions to dismiss the complaint. (Docs. 27, 36). On March 4, 2011, Magistrate Judge Mannion issued a report and recommendation that proposed that all of plaintiff's claims against Defendants Pensiero and Nabavi be dismissed with prejudice, as amendment of those claims would be futile. The Magistrate Judge also recommended that both plaintiff's claims against Defendant Burke be dismissed. He proposed, however, that the court allow plaintiff leave to amend his Eighth Amendment claim against Defendant Burke to allege facts sufficient to establish the knowledge Burke had of retaliation against plaintiff and how he could have acted to prevent that retaliation.

Plaintiff then filed objections to the report and recommendation, and Defendant Pensiero filed a brief opposing those objections, bringing the case to its present posture.

**Jurisdiction**

Because plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, this court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation,

3

the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Magistrate Judge Mannion's opinion addresses motions to dismiss from various defendants brought pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files such a motion, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curium)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**

Plaintiff objects to the report and recommendation on two grounds. The court will address each in turn.

**A. The Magistrate Judge's Standard for Reading the Pleadings**

Plaintiff first contends that the Magistrate Judge did not apply the proper standard for evaluating his complaint. Plaintiff filed the complaint *pro se*, and he points out that judges are to construe such complaints liberally, make all inferences in favor of the plaintiff and avoid applying the same stringent standards used to evaluate claims where the plaintiff has the assistance of counsel.

The court agrees with the plaintiff that "[a] document filed *pro se* is '"to be

5

liberally construed.'" Erickson v. Pardus, 551 U.S. 89, (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Moreover, "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers,' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle, 429 U.S. at 106 (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

      The court finds that the Magistrate Judge applied this standard to the report and recommendation.  The court did not recommend dismissal of portions of the complaint because plaintiff failed to meet a complicated pleading standard, but because the allegations made in plaintiff's complaint would not entitle him to relief even if proved true.  The court finds that the Magistrate Judge gave those allegations a generous reading, but found that the records appended to the complaint, when combined with plaintiff's allegations, were insufficient. Still, the Magistrate Judge's generous reading of the complaint found that plaintiff's claims of retaliation against Defendant Burke need not be dismissed with prejudice, as they had potential merit if stated more fully.  The court will therefore overrule the objections on this point and adopt the report and recommendation.

      In any case, the court finds that the Magistrate Judge properly recommended the dismissal of the claims against Defendant Pensiero and Navabi and the Eighth Amendment claims against Defendant Burke with prejudice.  The Supreme Court

6

has established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  "Deliberate indifference" means that a prison official is "both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In the medical context, courts have found "deliberate indifference" in a number of ways, "including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended treatment."  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff's claims against Defendant Pensiero are that she refused "to completely examine plaintiff, take or recommend that pictures be taken of plaintiff's injuries," and refused to have handcuffs placed in front rather than behind.  (Complt. at 11, ¶18).  He also claims that Pensiero stated "all [plaintiff] want to do is sue Rockview."  (Id.).  The court agrees with the Magistrate Judge that such allegations, even if proved true, could not state a claim for deliberate indifference to a serious medical need.  Plaintiff does not allege that Pensiero failed to treat him, but instead claims she did not examine him "completely," or order the x-rays plaintiff felt were necessary.  Plaintiff thus complains about the extent of the treatment provided.

Courts have found that "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation," and "'mere disagreement as to the proper medical treatment'" is also insufficient. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting Monmouth County Correctional institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)).

Moreover, plaintiff does not allege that he suffered from a serious medical condition. At two points in the complaint, plaintiff alleges that officers twisted his arms and made him uncomfortable. (See Complt. at 6, ¶ 7; at 8, ¶ 8). "A medical need is 'serious,' . . . if it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Monmouth County Correctional Inmates, 834 F.2d at 347 (quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979)). A need may also be serious with "reference to the effect of denying the particular treatment." Id. If failing to treat creates an "'unnecessary and wanton infliction of pain,'" or a plaintiff is permanently disabled, "the medical need is of the serious nature contemplated by eighth amendment." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Here, plaintiff asserts that he suffered pain from a twisted arm. He does not allege that this injury was diagnosed by a doctor or would be obviously recognized by a lay person, and the injury thus does not qualify as a serious medical need. See, e.g., Tsakonas v. Cicchi, 308 Fed.Appx. 628, 632 (3d Cir. 2009) (medical issue of "weight loss, eczema of the feet, seborrhea of the scalp, athlete's

foot, constipation, and swollen knuckles on [plaintiff's] right hand" were not serious medical conditions). Thus, plaintiff has not stated a claim for cruel and unusual punishment against Defendant Pensiero.

Plaintiff's claims against Defendant Burke, a prison psychiatrist, are that he agreed with plaintiff that he should be housed in a cell with a window, but did nothing to provide such an assignment. (Complt. at 10, ¶ 10). He also alleges that Burke did nothing to prevent violations of plaintiff's rights of which he was aware. (Id.). The Magistrate Judge found that plaintiff's complaint regarding the cell window was part of a larger complaint about the treatment Burke provided plaintiff for his anxiety disorder. Since plaintiff had alleged that Burke provided treatment, the Magistrate Judge concluded that plaintiff's complaint was about the treatment choices Burke made, and thus could not state an Eighth Amendment complaint. The court agrees. At the same time, the Magistrate Judge concluded that plaintiff's complaint regarding Burke's failure to prevent violations of plaintiff's rights, while insufficient, should not be dismissed with prejudice. Plaintiff should be allowed, the Magistrate Judge concluded, to re-file his complaint and raise more specific allegations against Defendant Burke on this matter. The court agrees. Defendant's allegations of a failure to protect plaintiff from violations are cursory, but plaintiff could conceivably state a claim on this issue. The court will therefore adopt the report and recommendation as it relates to Burke.

Plaintiff alleges that Defendant Navabi, a prison psychologist, attempted to

9

convince him not to file a legal action in this court. (Id. at ¶ 12). He also contends that Navabi participated in a decision to release him prematurely from a psychiatric observation cell, thus allowing security officers to abuse him. The court agrees with the Magistrate Judge that these allegations cannot state a claim. As far as plaintiff's allegedly early release from psychiatric custody, plaintiff's allegations are based on a disagreement with medical treatment he agrees the defendant provided him. As explained above, such allegations do not state a claim. The court also finds no legal error in the Magistrate Judge's conclusion that Defendant's Navabi's alleged verbal harassment of the plaintiff in an attempt to prevent him from filing a lawsuit cannot state a constitutional claim. See, e.g., Lindsey v. O'Connor, 327 Fed. Appx. 319, 321 (3d Cir. 2009) ("Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment."). As such, the court will adopt the report and recommendation on this point.

### B. Allegations of Conspiracy

Plaintiff also insists that the Magistrate Judge failed to address his claims of conspiracy against the defendants. He alleges that his complaint averred that "all" defendants participated in the conspiracy to retaliate against him and this claim should be preserved. The court will overrule this objection as well. As explained above, the Magistrate Judge thoroughly examined all of plaintiff's allegations against the defendants here named and concluded that plaintiff had not stated a claim. The vague allegations of conspiracy here referenced by the plaintiff do not state a claim

against these particular defendants. A broad general allegation, without more, does not provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 570). These allegations do not allow the court to "draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Conclusion**

For the reasons stated above, the court will overrule the plaintiff's objections to the report and recommendation, adopt the report and recommendation, and remand the case to the Magistate Judge for proceedings consistent with this opinion.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK A. ROBINSON,** | : No. 3:10cv272 |
| Plaintiff | : |
| | : (Judge Munley) |
| | : |
| | : (Magistrate Judge Mannion) |
| v. | : |
| | : |
| **FRANKLIN TENNIS, et al.,** | : |
| Defendants | : |

## ORDER

**AND NOW,** to wit, this 15th day of July 2011, the plaintiff's objections to the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. 72) are hereby **OVERRULED**.  The report and recommendation is hereby **ADOPTED**.  The motions to dismiss of defendants Pengiero, Burke, and Nabavi (Docs. 27, 36) are hereby **GRANTED**.  The motions of Defendants Pengiero and Nabavi are hereby **GRANTED WITH PREJUDICE** and the Clerk of Court is directed to **CLOSE** the case against those defendants.  Defendant Burke's motion to dismiss is granted **WITH PREJUDICE** with reference to plaintiff's Eighth Amendment claim, but without prejudice with reference to plaintiff's retaliation or other free-speech claim against Defendant Burke.  Plaintiff shall file an amended complaint as directed by this opinion within **twenty** (20) days of the date of this order.  The Clerk of Court is directed to **REMAND** the case to Magistrate Judge Mannion for proceedings

consistent with this opinion.

        **BY THE COURT:**

        s/ James M. Munley
        **JUDGE JAMES M. MUNLEY**
        **UNITED STATES DISTRICT COURT**