# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK A. ROBINSON, | : | No. 3:10cv272 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Mannion) |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM and ORDER

Before the court is Plaintiff Mark A. Robinson's motion for reconsideration. (Doc. 89). On March 4, 2011, Magistrate Judge Malachy E. Mannion submitted a report and recommendation suggesting that this case be dismissed and plaintiff be permitted to file an amended complaint with respect to the claims that were dismissed without prejudice. (Doc. 69). This court granted plaintiff two extensions of time to file objections to Magistrate Judge Mannion's report and recommendation. Plaintiff filed objections on June 8, 2011. (Doc. 75). Notwithstanding plaintiff's objections, the court adopted Magistrate Judge Mannion's report and recommendation and issued an order directing plaintiff to file an amended complaint within twenty days. (Doc. 77). On August 10, 2011, the court granted plaintiff's motion for a sixty-day extension to file a motion for reconsideration. (Doc. 81). Plaintiff did not file a motion for reconsideration within the time allowed by the court. The court issued an order on October 21, 2011 directing plaintiff to file an amended

complaint within twenty days. (Doc. 86). Plaintiff filed a motion for thirty additional days to file a motion for reconsideration of the court's order adopting Magistrate Judge Mannion's report and recommendation. (Doc. 87). The court denied plaintiff's motion for an extension in light of the previous extensions granted and the court's October 21 order directing plaintiff to file an amended complaint within twenty days. (Doc. 88).

Despite the court's order denying plaintiff an extension to file a motion for reconsideration, plaintiff nonetheless filed an untimely motion requesting that the court reconsider our adoption of the report and recommendation. The court will deny plaintiff's motion for reconsideration as plaintiff is attempting to use this motion to convince the court to rethink a decision it has already made. The court notes that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 565, 665 (N.D. Ill. 1983); see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). To succeed on a motion for reconsideration, a movant must demonstrate one of the following three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677.

In his motion for reconsideration, plaintiff contends that the court should not

2

dismiss plaintiff's claims against Defendants Pensiero and Nabavi with prejudice. In support of his motion, plaintiff requests that the court reexamine his previous filings with a "more critical focus." (Doc. 90, Br. in Supp. Mot. for Recons. ¶ 1). Specifically, plaintiff argues (1) that the court did not adequately consider his deliberate indifference claim with respect to Defendant Pensiero because we did not explicitly describe both, factually similar, incidents in which plaintiff's arm was twisted and Defendant Pensiero did not provide the desired level of care (Id. ¶¶ 2-3, 5); (2) that the court should adopt the Eighth Amendment standard for "excessive force" when determining whether plaintiff had a serious medical condition under the Eighth Amendment deliberate indifference standard (Id. ¶ 4); and (3) that his arguments on retaliation deserved more attention from the court (Id. ¶¶ 6-7).

The court finds that these arguments represent plaintiff's attempt to have a second bite at the apple. Additionally, the court will deny plaintiff's request to amend his complaint with respect to Defendants Pensiero and Nabavi and the court will deny plaintiff's request for leave to file an interlocutory appeal. However, the court notes that plaintiff filed a timely amended complaint in his most recent brief, and the clerk will be directed to file this document as such.

**AND NOW,** to wit, this 8th day of November 2011, plaintiff's motion for reconsideration (Doc. 89) is hereby **DENIED**. The Clerk of the Court is hereby **ORDERED** to file pages 3-5 of Plaintiff's Brief in Support of his motion for reconsideration (Doc. 90) as plaintiff's first amended complaint.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**